United States District Court
Southern District of Texas
**ENTERED**
March 10, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Kiuver Castillo Alba, as next of friend of JOSUE FABRE QUESADA, | § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-1441 |
| vs. | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| Respondents. | § | |

## ORDER TO ANSWER

Kiuver Castillo Alba filed this immigration habeas petition under 28 U.S.C. § 2241 (Docket Entry No. 1) as the petitioner on behalf of an immigration detainee, Josue Fabre Quesada. Josue Fabre Quesada is in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the court **orders** as follows:

1. The Clerk must deliver copies of the petition (Docket Entry No. 1) and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by electronic mail to USATXS.CivilNotice@usdoj.gov.

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

2. The proper respondent must file an answer or other appropriate responsive pleading within **five (5) days** after the date of service and must forward a copy to the petitioner and the next friend. If matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be titled as such.

3. In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies. Additionally, the respondent must explain why the petitioner is not entitled to the preclusive effect of the class-action ruling in *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). *See, e.g.*, *Montoya Cabanas v. Bradford*, No. 26-32, ECF No. 12 (S.D. Tex. Jan. 18, 2026); *Godoy Reyes v. Bradford*, No. 26-541, ECF Nos. 13, 15 (S.D. Tex. Feb. 17, 2026).

4. Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner or next friend must file any response within **thirty (30) days** of the date reflected on the certificate of service. Under the court's local rules, a failure to respond will be considered a representation that the petitioner does not oppose the motion. *See* S.D. Tex. L.R. 7.4. If the petitioner fails to comply on time, the court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5. The respondents must notify the court and the next friend (Kiuver Castillo Alba) of any anticipated or planned transfer of Josue Fabre Quesada outside of the Southern District of Texas **at least five (5) days before** any such transfer. Thus, the Motion for Temporary Stay of

Removal (Docket Entry No. 2) and the Emergency Motion for Immediate Stay of Removal (Docket Entry No. 8) are **denied without prejudice** at this time.

The Clerk must send a copy of this Order to both Josue Fabre Quesada and Kiuver Castillo Alba.

SIGNED on March 10, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge