United States District Court
Southern District of Texas
**ENTERED**
March 16, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Kiuver Castillo Alba, as next of friend for JOSUE FABRE QUESADA, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-1441 |
| | § | |
| vs. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Kiuver Castillo Alba filed this immigration habeas petition under 28 U.S.C. § 2241 (Docket Entry No. 1) on behalf of an immigration detainee, Josue Fabre Quesada. Josue Fabre Quesada is in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. The petition alleges that Fabre Quesada entered the United States on April 10, 2022, and was granted parole under INA § 212(d)(5)(A). (*Id.* at 4). In April 2025 Fabre Quesada filed a Form I-485 Application to Register Permanent Residence or Adjust Status under the Cuban Adjustment Act. (*Id.* at 2, 4). His application remains pending. (*Id.* at 2, 4). Fabre Quesada was taken into ICE custody in December 2025 when he appeared for a scheduled ICE appointment. (*Id.* at 4). He was served with a Notice to Appear on December 28, 2025. (*Id.*). On January 30, 2026, an immigration judge "affirmed a negative credible fear determination, a decision not administratively appealable." (*Id.*). Fabre Quesada has submitted a Form I-246 requesting a stay of removal. (*Id.*). The petition alleges that the I-485 remains pending as of February 20, 2026. (*Id.* at 5). Among other relief, the petition requests that the court order Fabre Quesada's release under reasonable conditions while the United

States Citizenship and Immigration Services (USCIS) adjudicates his adjustment of status under the Cuban Adjustment Act. (*Id.* at 7).

On March 10, 2026, the court entered an Order to Answer, directing the respondents to file an answer or other appropriate responsive pleading within five days. (*See* Docket Entry No. 9). On March 12, the respondents filed an advisory stating that ICE "anticipates and plans to transport Petitioner outside of the Southern District of Texas after five days of the date of this advisory, specifically, to remove him to Cuba on March 19, 2026." (Docket Entry No. 11). The advisory further states:

> Petitioner is from Cuba. He is in expedited removal proceedings (not third country removal). He expressed a fear of returning to Cuba. He was given a credible fear interview, which resulted in a negative credible fear finding. Petitioner sought review of that finding and an immigration judge conducted a credible fear proceeding and, after considering all the evidence, affirmed the negative fear finding. *See* Exhibit, IJ Order. The Petitioner's case was returned to DHS for removal. *Id.* There is no appeal from the immigration judge's order. *See* 8 C.F.R. § 1003.42(f) ("No appeal shall lie from a review of a negative fear determination made by an immigration judge").

(*Id.*).

On March 16, 2026, next friend Castillo Alba filed a Response to Respondent's Advisory and Emergency Motion for Immediate Stay of Removal. (Docket Entry No. 13). The next friend argues that the respondents have not filed a substantive response to the habeas petition. (*Id.* at 2). The next friend further argues that the immigration judge's order "does not constitute an independent removal order issued by the Immigration Court and does not resolve the separate federal questions presented in this habeas action, including the legality of Petitioner's continued detention and the statutory authority currently relied upon by Respondents to execute removal while this case is pending before this Court." (*Id.* at 3). He further argues that the Advisory merely

states that DHS intends to remove the detainee but does not specify whether the government relies on INA § 235 or § 241. (*Id.*).

Because the respondents have not yet filed an answer or other appropriate responsive pleading that responds to the allegations in the petition, including the claim of whether Fabre Quesada may be removed from the United States while his application under the Cuban Adjustment Act remains pending, the court enters the following **order** to preserve the status quo so that the underlying claims in the petition can be considered:

1. The respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are **enjoined** from removing Josue Fabre Quesada from the Southern District of Texas until further notice;

2. A hearing in this case will take place on **Wednesday, March 18, 2026, at 10:15 a.m., by Zoom.**

The Clerk shall provide a copy of this Order to the parties, and shall also email a copy to Next Friend Josue Fabre Quesada at the email address he has provided: kiuver.ca@gmail.com.

SIGNED on March 16, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge